UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SURABHI DESAI,

    Defendant.
_____/

Case No. 1-05-CR-123-01

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Defendant Surabhi Desai's Motion for Bond Pending Appeal and Request for Immediate Consideration. Defendant pled guilty to one count of health care fraud was sentenced on December 11, 2006, to 15 months imprisonment to be followed by a two year term of supervised release. This Court also ordered, pursuant to Special Condition Three of Supervised Release, Defendant place an advertisement alerting patients that she had been performing dental procedures without using gloves and thereby had exposed patients to a risk of contracting Hepatitis B and C. Defendant is scheduled to self-surrender for her term of imprisonment on February 18, 2007.

    Shortly after sentencing, Defendant filed a Motion to correct the Judgment or modify Special Condition Three of Supervised Release pursuant to Federal Rule of Criminal Procedure 35(a) and 32.1. The Court denied this Motion on the basis that it lacked jurisdiction to correct her sentence because more than seven days had elapsed since her sentencing. The Court also lacked jurisdiction to modify the judgment after the filing of a Notice of Appeal. Defendant now moves pursuant to Federal Rule of Appellate Procedure 8 and 18 U.S.C. § 3143(b) to stay execution of Judgment pending appeal or in the alternative stay Special Condition Three of Supervised Release.

Under section 3143(b)(1), a district court must make two findings before granting bail pending appeal: (1) a district court must find that the convicted person will not flee or pose a danger to the community if the court grants bail; and (2) the district court must find that "the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for an new trial." *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985) (citation omitted). Defendant's argument for bond rests upon her argument that the Court erred in imposing Special Condition Three. Defendant contends the Court relied upon false information relating to her use of gloves during dental procedures at sentencing, Defendant was not allowed to dispute the allegedly false information, and the Court was prejudiced by the information in sentencing Defendant. At sentencing, the Court sentenced Defendant to the low end of the suggested federal guidelines, 15 months, on the basis of defense counsel's emotional elocution as well as Defendant's own address to the Court. The Court also made clear on the record it had planned before the sentencing hearing to impose a sentence at the high end of the guidelines, 21 months, before defense counsel and Defendant's address. In light of this circumstance, the Court does not find there is a substantial question of law or fact relating to the due process which Defendant was afforded. Therefore, the Court will deny Defendant's Motion for Bond pending Appeal.

In regards to the enforcement of Special Condition Three of Supervised Release, the Government indicated in its Response it does not oppose Defendant's request for an order staying the enforcement of the condition. In light of the lack of opposition from the Government, as well as the knowledge that enforcement of Special Condition Three would likely deprive Defendant of any remedy should she prevail in her appeal to the Sixth Circuit, the Court will stay the enforcement of this condition.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Surabhi Desai's Motion for Bond Pending Appeal and Request for Immediate Consideration (Dkt. No. 99) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the execution of Special Condition Three of Supervised Release shall be **STAYED** pending Appeal.

DATED in Kalamazoo, MI:
February 20, 2007

    /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE